*849 OPINION.
Littleton:
The Board is unable from the evidence submitted to make any modification in the Commissioner’s determination in respect of the invested capital and his allowance for exhaustion, wear and tear of the property owned by the petitioner. The record does not disclose what action the Commissioner took in this regard, nor does it show what property was paid in to the corporation for stock or otherwise, and it contains no information from which the Board can make a finding of the value of any property for invested capital or depreciation purposes. Considerable testimony was taken by depositions, apparently in an effort to show that certain property purchased by Perkins and Maxwell from the National Bank of Augusta at $15,000 had a value in excess of that amount, but there is no evidence to show that this property was acquired by the petitioner for stock or otherwise, or that it was owned by it during the taxable year. We have carefully considered the evidence submitted in support of the claim that the property purchased by Perkins and Maxwell had a cash value of $30,000, and even if we could find that this property was paid in to the petitioner by them we are not convinced from the evidence that its actual cash value was in excess of $15,000.
The Board is unable from the evidence submitted to find that the Commissioner erred in his determination of petitioner’s inventories for the taxable years. The Commissioner has approved petitioner’s method of pricing its inventories, but has declined to allow the arbitrary reductions of the amounts at which certain portions of the inventories were priced by 33½ per cent in the year ending July 31, 1920, and 25 per cent in the year ending July 31, 1921. These inventories were priced by H. C. Maxwell, now deceased. Another official of the company, who listed practically the entire inventory in each of the years and who conferred with Maxwell during the time that he was pricing the same, testified that the reductions made by Maxwell and disallowed by the Commissioner were due to the decline in market. This evidence, however, does not enable the Board to determine that the Commissioner erred in his adjustment of the inventories. We fail to see why the prices placed upon each individual article when pricing the inventories did not represent the correct price according to the method followed, and if they did *850 there was no justification in the arbitrary reductions of 33½ per cent in 1920 and 25 per cent in 1921 of a portion of the inventories. It would appear from the record that, when the entire inventories had been priced, item by item, and totaled, Maxwell concluded that the total figure was too high and arbitrarily made the reductions mentioned before the 33⅜ per cent from the total inventory was taken. Upon the evidence we approve the Commissioner’s adjustment.
The action of the Commissioner in reducing the surplus for each of the years on account of the tax for the preceding years is approved. Appeal of Russel Wheel & Foundry Co., 3 B. T. A. 1168.

Judgment will ~be entered on 15 days’ notice, under Rule 50.